JOSEPH D. FARIA *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.

Bristol. February 11, 1966. — March 9, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Employment Security,* Availability for work.

Where it appeared in a proceeding on a claim for unemployment benefits under G. L. c. 151A that the shareholders of a corporation engaged in carpentry by contract did its work at an hourly wage, and that at times when no work was available to the corporation one of the shareholders sought work as a carpenter with other employers but "would return to work for the corporation whenever it realized a new contract," it was error to rule that he was not "available for work" within § 24 (b) and thus was ineligible for benefits.

PETITION filed in the First District Court of Bristol on April 10, 1964, for review of a decision of the board of review in the Division of Employment Security.

The case was heard by *Owen,* J.

*Manuel Kyriakakis* for the petitioner.

*Joseph S. Ayoub,* Assistant Attorney General (*Robert N. Scola,* Assistant Attorney General, *& Israel L. Cohen* with

him), for the Director of the Division of Employment Security.

WHITTEMORE, J.   This is an appeal from the decision of a judge of the First District Court of Bristol under G. L. c. 151A, § 42, affirming a decision of the Board of Review in the Division of Employment Security.   The case arose on the application of the petitioner, Faria, for unemployment benefits under G. L. c. 151A, §§ 22, 23 and 24.   The director of the division denied the claim, a review examiner (G. L. c. 151A, § 41) affirmed the decision and the board of review denied an application for a rehearing.   The record includes the evidence before the review examiner.

The issue is whether, as required by G. L. c. 151A, § 24 (b), Faria was "available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted."   We resolve it under G. L. c. 30A, § 14 (8) (g).   See c. 151A, § 42.

The facts are not in dispute.   The examiner, on supporting evidence, found, inter alia, as follows: "The claimant is president of . . . [Faria Brothers, Inc.] and owns fifty of the two hundred outstanding shares.   His three brothers individually own fifty shares each.   The business was incorporated in 1953 and is primarily engaged in framing new houses.   The work of the corporation is normally done under contract, and the corporation is so well established that its bids are solicited by other contractors. . . . All of the brothers, including the claimant, do the carpentry work at an hourly wage.   When the claimant filed his claim, the last job of the corporation had been completed on December 16, 1963.   On December 27, 1963, the claimant returned to work for the corporation and continued in employment until January 11, 1964, when again no work was available.   He returned to work on January 27, 1964, and worked until February 10, 1964, when another contract was completed.   Since February 10, 1964, the claimant has done no work but, excluding the periods in which he was reemployed, as related above, he has consistently sought work as a carpenter with other employers, having made applica-

tions in the areas of Brockton, Foxboro, Sharon, Stoughton, Raynham and other surrounding towns and cities. . . . The claimant . . . is available for work with . . . [Faria Brothers, Inc.] whenever it secures a contract . . . to work . . . . [H]e would return to work for the corporation whenever it realized a new contract. In view of these facts, it is found that the claimant is not attached to the labor market in a broad sense and, therefore, does not meet the eligibility requirements of Section 24 (b) of the Law, as quoted above.'' The evidence shows that in Faria's trade there is in each year a slowdown or a ''dull season,'' occasionally in late winter but ''more inclined to be towards early spring.''

The implied ruling that on these facts Faria was not ''available for work'' under G. L. c. 151A, § 24 (b), is erroneous. His unemployment in the dull season was due to the absence of jobs for carpenters. Nothing in the statute shows a policy to exclude from its benefits unemployed persons merely because when there is any work available they will in all likelihood be employed by a corporation in which they have an interest. The finding that Faria would return to work for the corporation whenever it secured a contract does not imply that he would not finish out his week or other reasonable term of employment as an hourly laborer elsewhere, in the unlikely event that such employment could be found.

The director has suggested that allowing unemployment benefits to be paid to employees who own and control the employing corporation offers the opportunity for abuse with a result contrary to the intention of the statute. No abuse by Faria or his corporation is shown. Faria, according to the evidence, is primarily a carpenter dependent on his hourly earnings. There is no suggestion that he or his corporation made any attempt to cause his unemployment. To what extent financial interest in the business of a claimant's principal employer should be a disqualification under G. L. c. 151A is a matter of general policy for the General Court.

The decision of the District Court is reversed. A decision is to enter in the District Court setting aside the decision of the board of review, adjudging that Faria is not disqualified under G. L. c. 151A, § 24 (b), and remanding the case to the division for appropriate action on Faria's application.

*So ordered.*