Aram K. BERBERIAN

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, BOARD OF REVIEW.**

No. 78–88–M.P.

Supreme Court of Rhode Island.

May 7, 1980.

---

Samuel A. Olevson, Providence, for petitioner.

Gary R. Pannone, Sp. Counsel, Board of Review, Providence, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is a petition for a writ of certiorari filed pursuant to the Administrative Procedures Act, G.L.1956 (1977 Reenactment) § 42–35–16, to review a judgment of the District Court affirming the decision of the Department of Employment Security, Board of Review, denying plaintiff's request for unemployment compensation.

The plaintiff on October 16, 1975, filed his claim for unemployment compensation with the Director of the Department of Employment Security. Upon receipt of the director's Notice of Disqualification,[1] plaintiff appealed the decision of the director. After exhausting his administrative remedies within the agency, plaintiff sought judicial review in the Sixth Division District Court pursuant to G.L.1956 (1979 Reenactment) § 28–44–52 and G.L.1956 (1977 Reenactment) § 42–35–15, as amended by P.L. 1979, ch. 340, § 1.

The material facts are not in dispute. The record reveals that Mr. Berberian and several others in 1974 incorporated Plantations Legal Defense Services, Inc., (PLDS) as a non-profit organization for the purpose of "rendering legal defense aid and assistance to persons * * * without means sufficient to maintain their legal rights * * *." The plaintiff became the executive director of and the sole staff attorney for PLDS. He averred that when the corporation in October 1975 discharged him as the staff attorney for lack of work he became unemployed. He filed a claim for unemployment benefits with the Department of Employment Security, registered, and searched for work as the Employment Security Act required. General Laws 1956 (1979 Reenactment) § 28–44–12 and § 28–44–38.

The plaintiff admitted that he thereafter worked only on a daily basis, occasionally administering the business of the corporation in his capacity as executive director for which he asserts he earned no money, and appearing as counsel of record for several clients, some of whom PLDS referred to him, for which he received fees. He further acknowledged that he was engaged in the practice of law as a sole practitioner before his association with PLDS and during the period of his alleged unemployment. In fact, at the hearing before the full board, he estimated that he was the attorney of record in 1,050 criminal and civil cases then pending in the various courts of Rhode Island. Nevertheless, Mr. Berberian contended at the hearings that he had no control over when the pending cases would be heard and, therefore, was only partially employed. But he conceded that if he were reached on these cases he would not be available for work. Moreover, he asserted his availability at all times for suitable employment.

Based on the foregoing evidence, the Board of Review determined that Mr.

---

1. The disqualification notice was "based upon information and belief that claimant is engaged in the practice of law * * *."

Berberian "was not totally unemployed due to the fact that he was engaged in the practice of law as an attorney, * * * had restricted his availability and was involved in self employment * * *." On review the District Court found that "he was continually self-employed in the profession in which he has customarily been engaged," and that there was substantial evidence to support the findings of the board. The court affirmed the denial of benefits.

The only issue before us is whether plaintiff was unemployed and available for work within the meaning of § 28–42–3(15) of the Employment Security Act. The plaintiff contends that his ability to engage in part-time private professional practice does not render him ineligible for benefits. He further maintains that the record was devoid of evidence to support the finding that he was unavailable for work and, therefore, the District Court decision was clearly erroneous, arbitrary, and capricious amounting to an abuse of discretion.

■ We note initially that our scope of review on writs of certiorari is limited to a review of the record. General Laws 1956 (1977 Reenactment) § 42–35–16.[2] We may review only questions of law which appear in the petition. *Providence Journal Co. v. Mason*, 116 R.I. 614, 620, 359 A.2d 682, 685 (1976); *A. T. & G., Inc. v. Zoning Bd. of Review*, 113 R.I. 458, 462, 322 A.2d 294, 296 (1974). The grounds for reversal must appear on the face of the record. *Prospecting Unlimited, Inc. v. Norberg*, R.I., 376 A.2d 702, 706 (1977); *Lemoine v. Department of Mental Health, Retardation & Hospitals*, 113 R.I. 285, 288, 320 A.2d 611, 613 (1974). We do not weigh the evidence, however, we merely search for any legally competent evidence that supports the decision under review. *Prospecting Unlimited, Inc. v. Norberg*, 376 A.2d at 706; *Lemoine v. Department of Mental Health, Retardation & Hospitals*, 113 R.I. at 288, 320 A.2d at 613.

Moreover, the District Court's extent of review is restricted by § 42–35–15. *See Cahoone v. Board of Review*, 104 R.I. 503, 246 A.2d 213 (1968). Under subsections (f) and (g), absent allegations of irregularities in the administrative procedure, the District Court must review only the certified record and cannot substitute its judgment on issues of fact that the agency resolved. The court may reverse the agency if the decision was, *inter alia*, violative of constitutional or statutory provisions, affected by other errors of law, clearly erroneous in view of the substantial evidence in the record, or arbitrary or capricious and therefore characterized by an abuse of discretion. General Laws 1956 (1977 Reenactment) § 42–35–15(g)(1), (4), (5), (6).

Directing ourselves to plaintiff's allegations of error, we note that when he contends that his part-time employment should not have rendered him ineligible for benefits, he presumes that a tribunal concluded that he was in fact employed only part-time. Also, when he asserts that the possibility of future engagement in legal work should not have precluded his receipt of benefits, he presumes a finding of such a possibility.

Contrary to such presumptions, the Board of Review found that plaintiff was continually engaged in the practice of law. From these findings the board arrived at the inev-

<hr>

2. We note that G.L.1956 (1979 Reenactment) § 28–44–55 of the Employment Security Act provides that a District Court decision may be appealed to this court. While we have not expressly considered the validity of § 28–44–55, in *New England Telephone & Telegraph Co. v. Fascio*, 105 R.I. 711, 254 A.2d 758 (1969), we did conclude that the mechanism for review of an agency decision contained in the Administrative Procedures Act, G.L.1956 (1977 Reenactment) § 42–35–15, takes precedence over the section of the Employment Security Act which provides for review to the Sixth Division Court, at least when the two conflict. *See Cahoone v. Board of Review of the Department of Employment Security*, 104 R.I. 503, 504 n. 1, 507 n. 4, 246 A.2d 213, 213 n. 1, 215 n. 4 (1968). We found that unless the Act exempted them, agency decisions must be reviewed according to the Administrative Procedures Act. *See Herald Press, Inc. v. Norberg*, R.I., 405 A.2d 1171, 1175–76 (1979). If the first level of judicial review must conform to the standards contained in § 42–35–15, then our review, as a practical matter, must be likewise confined. *See Madison v. R. I. Bd. of Review of Dept. of Employment Security*, 105 R.I. 69, 249 A.2d 100 (1969).

itable conclusion that plaintiff was neither unemployed nor available for other employment and, therefore, was ineligible under the provisions of § 28–42–3(15)[3] and § 28–44–12.[4] The District Court, in its review of the record, found that there was substantial and legally competent evidence in the record to support the decision of the agency and that it was not clearly erroneous.

■ On review, we do not weigh the evidence but examine the record to determine whether there is legally competent evidence to support the decision of the lower court. *Prospecting Unlimited, Inc. v. Norberg*, 376 A.2d at 706. A close review of the record persuades us that the documentary evidence of claimant's court appearances and the statements of the claimant himself—including his own estimate that he then had a backlog of 1,050 cases in which he was the attorney of record—are inexorable testimony of his ongoing legal practice and his employment status.[5]

It is true that the practice of law does not necessarily entail routine tasks or hours, especially when an attorney is self-employed. An attorney may at times be inundated with work, while at other times he may experience a slackening in his workload. Nevertheless, while he is attorney of record in cases pending trial, he may be doing legal work, either in preparation for trial or in an attempt to resolve the cases without going to trial, for which he would be entitled to compensation. A detailed description of the varied services which attorneys perform for compensation is not essential to our resolution of the issue before us. It suffices to say that the record reveals that the decision to deny benefits was based on sufficient legally competent evidence from which the factfinders could correctly conclude that claimant was performing the usual services in which gainfully employed attorneys engage, for example, appearing in court and preparing for trial.[6]

They were equally correct in rejecting plaintiff's arguments that he was employed only part-time and that there was only a possibility that he might be engaged in future legal work. The immutable fact of plaintiff's continual employment in the

---

3. General Laws 1956 (1979 Reenactment) § 28–42–3(15) provides:

 " 'Total unemployment.' An individual shall be deemed totally unemployed in any week in which he performs no services (as used in subsection (13) of this section) and for which he earns no wages, (as used in subsection (13) of this section), and in which he cannot reasonably return to any self-employment in which he has customarily been engaged."

4. General Laws 1956 (1979 Reenactment) § 28–44–12 provides:

 "Availability and registration for work.— An individual shall not be eligible for benefits for any week of his partial or total unemployment unless during such week he is physically able to work and available for work. To prove such availability for work, every individual partially or totally unemployed shall register for work and shall file claim for benefits at the employment office, within such time limits and with such frequency and in such manner, in person or in writing, as the director may prescribe. Every individual filing claim for benefits shall report whenever duly called for work through the employment office, and shall make an active, independent search for suitable work. No individual shall be eligible for benefits for any week in which

he fails, without good cause, to comply with the requirements as set forth hereinabove."

5. We ordered claimant to brief the question of his relationship to PLDS when we granted his petition for a writ of certiorari. *Berberian v. Department of Employment Security, Board of Review*, R.I., 387 A.2d 1064 (1978). His response illuminates the issue of his employment status insofar as he does not claim to have ever left the practice of law, but he states that he continued to practice, both as a sole practitioner and on behalf of PLDS clients, during his association with PLDS, which continues to the present.

6. The District Court judge noted, and we agree, that a Michigan Supreme Court decision presents a situation analogous to the instant case. In *Phillips v. Michigan Unemployment Compensation Commission*, 323 Mich. 188, 35 N.W.2d 237 (1948), an attorney reentered the legal profession but maintained that he was unemployed because he was not receiving regular wages for his work. Reasoning that the practice of law is a profession in which persons customarily earn a living and that an attorney may earn remuneration for services rendered but not receive actual payment until later, the court held that the claimant was employed and, therefore, ineligible for benefits.

484

practice of law rendered him ineligible under the prerequisites of § 28–42–3(15) and § 28–44–12.

To support his arguments plaintiff has referred us to three cases, *People v. Nest*, 53 Cal.App.2d Supp. 856, 128 P.2d 444 (1942); *Slocum Straw Works v. Industrial Comm'n*, 232 Wis. 71, 286 N.W. 593 (1939); and *Faria v. Director of the Division of Employment Security*, 350 Mass. 397, 215 N.E.2d 90 (1966). Neither *Nest* nor *Slocum* adds anything to his claim of part-time employment. In the former case the court held that the claimant was unemployed because the business he had started after he had left his previous employment had failed to turn a profit. In the latter case, which considered whether claimant's activity as a housewife for part of the year precluded her claim of unemployment, the court found that the claimant was continually employed throughout the year. Neither case has any bearing on the facts before us, where claimant was continually employed in one profession.

The plaintiff's reliance on *Faria* to persuade us that he was available for employment despite his formidable backlog of cases is similarly misplaced. The *Faria* court decided that the claimant in that case was available for work because the corporation he operated had no work pending and the claimant was not otherwise gainfully employed; the mere possibility that the corporation might obtain work in the future did not dissuade the court. The situation before us is clearly different as the substantial evidence of claimant's continuing law practice reveals.

In conclusion we believe that section 28–42–2 expresses the Legislature's concern that the unemployed worker be relieved from the financial burden of periodic unemployment over which the worker has little control. Section 28–42–73 mandates a liberal construction of the Act to effectuate its declared purpose. We have consistently construed the statute in that vein to reach just results. *See, e. g., Huntley v. Department of Employment Security*, R.I., 397 A.2d 902 (1979); *Dumont v. Hackett*, R.I.,

390 A.2d 374 (1978); *Rector v. Director of Employment Security*, R.I., 390 A.2d 370 (1978); *Gesualdi v. Board of Review*, R.I., 374 A.2d 102 (1977).

The petition for certiorari is denied, the writ heretofore issued is quashed, and the papers are ordered returned to the Sixth Division District Court with our decision endorsed thereon.