DAVID M. JAHN *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Hampden.    January 8, 1986. — March 11, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Voluntary unemployment, Eligibility for benefits.

An employee of a corporation, who was also the corporation's majority
   shareholder and who, without having compelling financial reasons for doing
   so, exercised his controlling interest to effectuate a sale of the corporation's
   food catering business, was deemed to have been voluntarily separated from
   his employment with the corporation and disqualified under G. L. c. 151A,
   § 25 (*e*) (1), from receiving unemployment benefits. [61-64]

CIVIL ACTION commenced in the Springfield Division of the
District Court Department on December 7, 1984.

The case was heard by *Allan McGuane,* J.

*Francis Joseph Lafayette* for the employee.

*Francis X. Bellotti,* Attorney General, & *Willie Ivory Car-
penter, Jr.,* Assistant Attorney General, for Director of the
Division of Employment Security, submitted a brief.

HENNESSEY, C.J. David M. Jahn appeals from a decision
of the District Court affirming the denial of unemployment
compensation benefits. Jahn was disqualified under G. L.
c. 151A, § 25 (*e*) (1) (1984 ed.), on the ground that he left
work voluntarily without good cause attributable to the employ-
ing unit.

We summarize the findings of fact made by the review
examiner of the Division of Employment Security.[1] Jahn was
president and part-owner of the Jahn Catering Service, Inc.,
a business corporation which operated a restaurant and food

---

[1] The board of review of the Division of Employment Security adopted
the findings and conclusion of the review examiner without hearing, thus
rendering the decision of the review examiner final for the purpose of
judicial review.

catering service in Springfield. Jahn worked full time as manager and executive chef of the business. Jahn owned 55% of the corporate stock of the Jahn Catering Service, Inc. The remaining shares were held by Jahn's family members.

In 1984, after nine years of operation, Jahn sold the business due to its low profitability, and the fact that "he was barely able to meet his bills." The business was sold for $69,000. As a result of this sale, Jahn was left without employment.

Two days after the sale of the business, Jahn applied for unemployment benefits. After a hearing before a review examiner, Jahn was denied benefits. The examiner found that Jahn's unemployment was the result of his voluntary sale of the business, and that he therefore left work "voluntarily without good cause attributable to the employer" within the meaning of disqualification (*e*) (1). G. L. c. 151A, § 25 (1984 ed.). Jahn challenges his disqualification as arbitrary and capricious, an abuse of discretion, and unsupported by substantial evidence.[2]

---

[2] In his petition for review of the agency decision, Jahn joined a claim against the director under 42 U.S.C. § 1983 (1982), charging that the director's decision denying Jahn unemployment benefits deprived him of various constitutional rights. The District Court judge refused to entertain Jahn's § 1983 claim, stating that "they [*sic*] won't be heard at this time, at this matter. I think they will have to be filed as a separate cause of action." The judge did not abuse his discretion in severing this claim.

Under G. L. c. 151A, § 42 (1984 ed.), judicial review of a decision by the Division of Employment Security is governed by the State Administrative Procedure Act, G. L. c. 30A, § 14 (7) (1984 ed.). Under this section, the sole function of the reviewing court is to determine whether the agency decision is in accordance with law and supported by substantial evidence. See *Moen* v. *Director of the Div. of Employment Sec.*, 324 Mass. 246, 247 (1949). The reviewing court is not empowered to hold a trial de novo, or to engage in further evidentiary hearings. See *Catrone* v. *State Racing Comm'n*, 17 Mass. App. Ct. 484, 486 (1984). Cf. *Zussman* v. *Rent Control Bd. of Brookline*, 371 Mass. 632, 637 (1976) (Superior Court not empowered to hear evidence on whether rent control board's rates were confiscatory). To the extent that a resolution of Jahn's § 1983 claim would require the judge to hear further evidence, the judge properly concluded that this cause of action should be maintained in a separate proceeding. See Dist. Mun. Cts. R. Civ. P. 42 (b) (1975).

The purpose of unemployment compensation is to provide relief to those employees who, through no fault of their own, are separated from their employment. See *Raytheon Co.* v. *Director of the Div. of Employment Sec.,* 364 Mass. 593, 596 (1974); *Farrar* v. *Director of the Div. of Employment Sec.,* 324 Mass. 45, 48 (1949). Where an employee who is also a majority shareholder exercises his controlling interest in the company to effectuate a sale, his separation from employment is properly deemed voluntary and subject to disqualification under § 25 (*e*) (1). In *Faria* v. *Director of the Div. of Employment Sec.,* 350 Mass. 397 (1966), we allowed benefits where an employee holding 25% of the shares in a closely held construction company lost his job due to the lack of new construction contracts. In that case we specifically noted, however, that there was "no suggestion that he or his corporation made any attempt to cause his unemployment." *Id.* at 399. By contrast, where a controlling shareholder of a closely held corporation voluntarily sells the very business in which he is employed,[3] he has created his own unemployment and resulting disqualification. There was no error of law.

Of course, an employee will not be considered to have left work "voluntarily" within the meaning of § 25 (*e*) (1) where he leaves his job for compelling personal reasons. See *Dohoney* v. *Director of the Div. of Employment Sec.,* 377 Mass. 333, 335 (1979); *Raytheon Co., supra* at 596. However, the burden of proving these compelling circumstances rests with the claimant. See *Uvello* v. *Director of the Div. of Employment Sec.,* 396 Mass. 812 (1986). In this case the review examiner specifically found that "the evidence presented does not indicate that [Jahn] was compelled to sell the business for financial reasons." This finding is supported by substantial evidence. See *Abramowitz* v. *Director of the Div. of Employment Sec.,* 390 Mass. 168,

---

[3] The director argues that the same result can be reached in this case by "piercing the corporate veil," and finding that no true employer-employee relationship existed which would entitle Jahn to unemployment benefits. We need not decide whether Jahn was actually an "employee," because we conclude, as did the review examiner, that any employment relationship which did exist was terminated voluntarily by Jahn.

173 (1983) (standard of review). The tax returns of the business indicate a net income of $8,445 in 1981; a loss of $4,634 in 1982; and a net income of $3,660 in 1983. During those years, the annual salary paid to corporate officers ranged from $22,000 to $40,000. In 1984, the net proceeds from the sale of the business after outstanding debts had been paid totalled $40,000. These figures support the conclusion that Jahn's sale of the business was voluntary.

We affirm the judgment of the District Court affirming the board's decision.

*So ordered.*