[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before this Court on appeal from a decision by the R.I. Department of Human Services (DHS) denying plaintiff General Public Assistance (GPA). In addition to seeking reversal of the DHS decision, plaintiff also requests a declaration that the agency's policy as applied to plaintiff is violative of the Public Assistance Act, Title 40, Chapter 6, of the Rhode Island General Laws. This Court is granted jurisdiction in this matter pursuant to G.L. 1956 (1988 Reenactment) § 42-35-7 and §42-35-15.
Facts/Travel
The facts of this case are not in dispute. Fior Perez, plaintiff, entered the United States on November 21, 1988 as a legal permanent resident alien. Manuel Perez, plaintiff's husband, sponsored plaintiff's entry into this country. In October, 1990 plaintiff and her husband separated. Mr. Perez's exact address is unknown; however, plaintiff believes he is living somewhere in New York. Plaintiff has custody of the couple's four (4) minor children.
In December, 1990 plaintiff applied for Aid to Families with Dependent Children (AFDC) for herself and her two children then living with her.[1] After initially denying benefits to plaintiff's children, the Department eventually approved AFDC for the children but denied them to plaintiff because of the Federal AFDC sponsor deeming rules.
Plaintiff thereafter applied for GPA benefits in January, 1991. By notice dated February 5, 1991, DHS denied plaintiff's application. The notice explained that plaintiff did not qualify for GPA benefits because she was a single parent who was "neither a minor parent nor a parent involved in a labor strike."
An administrative hearing was held on March 12, 1991 before Alan Lemery, Appeals Officer. During the course of this hearing plaintiff testified that she did not know where her husband/sponsor was living. She informed the Appeals Officer that she was pregnant and as a result of this pregnancy could not find work. Gail Bilezerian, GPA Social Worker, testified that single parents are not eligible for GPA unless they are a minor parent or a parent involved in a labor strike. According to Ms. Bilezerian, plaintiff was a single parent and as such she was ineligible to receive benefits because she did not meet the above criteria.
In her memorandum in support of the appeal, plaintiff argued that she should be found eligible for GPA benefits because she had no available income or resources. Plaintiff explained that the fact that she could not provide information on her sponsor's income and resources should not make her ineligible for GPA because "there is no sponsor deeming in the GPA program and the agency can count only available income and resources."
In a decision issued June 21, 1991, the Appeals Officer found that plaintiff "is not eligible for General Public Assistance because, but for income and resources, she would clearly be eligible for AFDC Benefits." The Appeals Officer reasoned that once plaintiff was able to produce the sponsorship information and the income and resources of the her children's sponsor, that is her husband, her children were then determined eligible for AFDC benefits. Id.
In response to plaintiff's argument that § 0608.05.10 of the DHS Agency Policy Manual prohibits sponsor-deeming, the Appeals Officer cited the first sentence of § 0608.05.10 which reads:
 To be eligible for GPA, an otherwise eligible applicant, must be either a U.S. Citizen or an Alien lawfully admitted for permanent residence or otherwise residing in the United States under color of law. (Emphasis added).
The officer concluded that regardless of income and resources of plaintiff's sponsor, plaintiff is not "an otherwise eligible applicant" for GPA. The Appeals Officer reasoned that, but for income and resources, plaintiff would be eligible for AFDC benefits; as such she was not eligible for GPA benefits.
On appeal, plaintiff raises four (4) issues for the Court's consideration. First, plaintiff contends that DHS' policy of barring GPA to those found ineligible for AFDC due to the latter program's sponsor deeming rules violates the Public Assistance Act. Plaintiff next argues that the DHS decision is arbitrary and capricious because it is contrary to DHS' own published regulations which require consideration of only "available" income when determining GPA eligibility. See, DHS Manual § 608.05.10. Plaintiff also contends that the policy should be declared void because when promulgating the policy DHS failed to follow the appropriate notice requirements contained in Gen. Laws42-35-1 et seq., Administrative Procedures Act. Finally, plaintiff contends that DHS' policy established an irrebuttable presumption regarding sponsor income and resources and therefore deprives plaintiff of due process under Art. 1, § 2 of Rhode Island Constitution and under the 14th Amendment to the U.S. Constitution.
STANDARD OF REVIEW
This Court's review of DHS's decision is governed by Section42-35-15(g) of R.I. General Laws which provides in part:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Accordingly, when reviewing an agency decision this Court must not substitute its judgment for that of the agency in regard to the credibility of witnesses or the weight of the evidence.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1209 (R.I. 1988); Carmody v. R.I. Conflict of Interest, 509 A.2d 453, 458 (R.I. 1986). Rather, this Court must confine itself to review of the record to determine if "legally competent evidence" exists to support the agency decision. Turner v. Department of EmploymentSecurity, 479 A.2d 740, 742 (R.I. 1984); Berberian v.Department of Employment Security, 414 A.2d 480 (R.I. 1980). Thus, the Court will reverse factual conclusions of administrative agencies only when they are "totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Mgmt. Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law decided by Administrative Agencies are not binding on the Court. Narr. Wire Co. v. Norberg, 376 A.2d 1,118 R.I. 596 (1977). Therefore this Court "may review questions of law to determine what the law is and its applicability to the facts." Chenot v. Bordeleau, 561 A.2d 891, 893 (R.I. 1989);Carmody, 509 A.2d at 458.
Statutory and Case History
In order to properly address the issues raised by plaintiff, a brief history of Rhode Island's Public Assistance Programs and sponsor deeming policy is required.
Rhode Island's Public Assistance Programs are governed by the Public Assistance Act. G.L. 1956 (1990 Reenactment) § 40-6-1 et. seq. Among other programs, DHS is authorized under this statute and federal law to oversee the disbursement of AFDC and GPA benefits. Section 40-6-1 et. seq.; see also, 42 U.S.C. § 601et. seq. Under federal law, when a legal permanent resident alien applies for AFDC within three (3) years of entry into the U.S. the applicant is required to provide documentation of his/her sponsor's income and resources. 42 U.S.C. § 615(c)(1). If the applicant is unable to provide documentation of her sponsor's finances, then the applicant is ineligible for AFDC. See DHSPolicy Manual, § 207.4(II)(B). If the applicant is able to provide the necessary documentation, then a portion of the sponsor's income is "deemed" available to the resident alien in determining eligibility for AFDC. Id. § 615(a).
GPA, on the other hand, is a wholly state funded program created and governed by state law. G.L. 1956 (1990 Reenactment) §40-6-1 et. seq. The purpose of the GPA program, as envisioned in § 40-6-3, is to provide general public assistance to R.I. residents who are eligible and in need. In order to be eligible for GPA, however, § 40-6-3 of the Act expressly requires that the applicant not be an individual who is or who would, but for income and resources, be eligible for AFDC. The statute further mandates that the amount of GPA shall be governed by the applicant's "available income and resources."
Prior to July, 1991, Rhode Island's GPA statute did not expressly provide for sponsor deeming.[2] Nevertheless, prior to 1984, DHS had in effect a regulation which enacted a sponsor deeming policy. That regulation, however was determined to be null and void because it violated the purpose of the GPA program. See, Monteiro v. R.I. Dep't of Social and RehabilitativeServices, C.A.P.C. 84-0323, Pederzani, J.
After the 1987 revision of the Public Assistance Act in which § 40-6-3 clarified the legislative intent that GPA would not be provided to those who are or who would, but for income and resources, be eligible for AFDC, DHS promulgated a regulation paraphrasing the newly revised § 40-6-3. See DHS PolicyManual § 0608.05. DHS then sent a Notice of Manual Revisions on December 14, 1988. This notice advised that the AFDC Program's Alien Sponsorship Policy was being moved from Section 102.2 in the General Provisions to Section 207.4 in the AFDC Program. DHS Transmittal 88-42, December 14, 1988. The notice further explained that if an individual is determined ineligible for AFDC because of the Alien Sponsorship Policy, inducing ineligibility due to inability to provide the appropriate documentation, that individual was also ineligible for GPA. The transmittal notice suggested this policy was authorized by the recent changes to the GPA regulations which deny GPA to any individual who is eligible or who would be eligible but for the income and resources of his or her sponsor.
A case, factually similar to the instant case, was brought in Superior Court in 1989 challenging the above stated policy. InRodriquez v. R.I. Dept. of Human Services, C.A. No. 89-0816, plaintiff was also a lawful permanent resident alien who had separated from her sponsor/husband. At the time she applied for benefits, Mrs. Rodriquez did not know where her sponsor/husband was and therefore could not provide the proper documentation of his finances. In that case the Department argued that § 40-6-3
should be interpreted to authorize the application of the federal sponsor deeming rules to GPA applicants. The Court inRodriquez, however, viewed this interpretation as a "forced reading of the statute." Rodriquez, p. 4. In its decision the Court noted that despite substantial modification of the Public Assistance Act, the spirit of the Act had not greatly changed.Id. at 3. Therefore, the Court held that "nothing in the statutory language . . . permits the deeming of income and resources to an applicant since this would violate the underlying principle in the GPA Act, i.e. assistance to those in need through no fault of their own." Id. at 5.
Discussion
In the instant case, the Department again relies on § 40-6-3
of the General Laws to support the decision to deny plaintiff benefits. This time, however, the Department does not allege that § 40-6-3 allows them to sponsor deem in GPA eligibility determinations. Rather, according to the Department, § 40-6-3 and DHS' own regulation § 0608.05.10 justify denying plaintiff benefits because she is not "otherwise eligible." However, the Department fails to consider the fact that the reason plaintiff is not "otherwise eligible" is because of AFDC's sponsor deeming rules.
This Court fails to see the distinction the Department labors to make in this case. The bottom line is that DHS is interpreting § 40-6-3 in such a way as to deny GPA benefits to those determined ineligible for AFDC because of the applicant's inability to supply documentation of her sponsor's income and resources. Mr. Justice Gagnon has already determined that this interpretation is against the underlying principle of the Public Assistance Act and this Court agrees. See, Rodriquez, supra at 5. Even though the Department is insistent that they are not "sponsor deeming" in the instant case, the effect of the policy they are employing is the same even if their semantics differ.
This Court recognizes the fact that the Public Assistance Act was amended shortly after plaintiff was denied benefits to expressly allow the policy the Department is currently advocating. See P.L. 1991, ch. 44, art. 23 § 2. The fact that the legislature saw a need for an amendment, however, supports this Court's decision.
In conclusion, this Court holds that prior to July, 1991, denial of GPA benefits to plaintiff solely because of her inability to provide documentation of her sponsor's income and resources, contravenes the underlying principles of the Public Assistance Act. Therefore, DHS decision is reversed because it is in violation of statutory provisions then in effect. See, §42-35-15(g)(1). This decision renders plaintiff's other arguments moot.
In reviewing the Administrative record, however, it appears that no determination was made as to whether plaintiff was financially eligible for GPA as of January, 1991. The record also reveals the fact that plaintiff was initially denied GPA because she was determined to be a single parent who was neither a minor nor a single parent involved in a labor strike. See,
Administrative Hearing Document 3. The Appeals Officer, however, did not address the validity of this ground for denial. Therefore, this Court must remand this case for a determination of plaintiff's financial eligibility as well as for a decision as to whether she was properly denied benefits because she was a single parent who was not a minor nor involved in a labor strike.
Accordingly, the decision of DHS is reversed with respect to the finding that plaintiff would be, but for income and resources, eligible for AFDC. This case is remanded for a determination of plaintiff's financial eligibility as well as a decision whether she was properly denied benefits because she was a single parent who was not a minor nor involved in a labor strike.
[1] Plaintiff's two (2) other children did not arrive in the United States until January 23, 1991.
[2] Section 40-6-3.1(c)(1), enacted by P.L. 1991, ch. 44 art. 23 § 2 became effective July 1, 1991. This section expressly mandated that "individuals found ineligible for AFDC due to federal law and regulations concerning alien sponsors . . . shall not be eligible for general public assistance."