DECISION
Before the court is plaintiffs' appeal from a September 19, 1995 decision of the Personnel Appeal Board (Board). Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Fact/Travel
The plaintiffs in this matter were classified employees of the Naragansett Bay Water Quality Management District Commission (NBC). In December of 1991, the NBC merged with the Blackstone Valley District Commission (BVDC). Because the merger created an overlap in pension coverage, some employees were required to choose between retaining their positions at NBC as non-classified employees or transferring to an equivalent position in state government. There was no evidence before the Board that either alternative constituted a demotion.
The plaintiffs objected to making such a choice, and in the fall of 1995, they sought relief from the Board. In September of 1995, the Board held a preliminary hearing to determine whether it had jurisdiction to hear the plaintiffs' claims. After hearing argument from both the plaintiffs and the NBC, the Board issued a written decision denying the plaintiffs' appeal for lack of jurisdiction. On October 17, 1995, the plaintiffs filed an administrative appeal with this court.
Standard of Review
The review of a decision of the Board by this court is controlled by G.L. 1956 (1993 Reenactment) § 42-35-15 (g), which provides that when reviewing a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v.Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflict of InterestCommission, 509 A.2d at 458.
Jurisdiction of the Board
The issue on this administrative appeal is confined solely to the plaintiffs' claim of jurisdiction under G.L. 1956 (1990 Reenactment) § 36-4-42 (Supp. 1995). That statute provides, in relevant part:
 "Any state employee with provisional, probationary, or permanent status who feels aggrieved by an action of an appointing authority resulting in a demotion, suspension, layoff, or dismissal or by any personnel action which an appointing authority might take which causes the person to believe that he or she had been discriminated against because of his or her race, sex, age, handicap, or his or her political or religious beliefs, may, within thirty (30) calendar days of the mailing of the notice of that action, appeal in writing to the personnel appeal board for a review or public hearing."
NBC argues that the statute has two conditions precedent to application. Under this reading, a state employee must (1) feel aggrieved by an action (2) which causes the employee to believe that he or she has been discriminated against because of his or her race, sex, age, handicap, religious or political beliefs. NBC contends that because there has been no allegation of discrimination, the statute is inapplicable to the current controversy.
The court declines to adopt this reading of § 36-4-42. The NBC's reading overlooks the fact that the statute is framed in the disjunctive. The statute, through its plain and clear language, allows relief for any state employee who feels aggrieved by an action of the appointing authority resulting in a demotion, suspension, layoff, or dismissal or by personnel action believed to be discriminatory in nature. See Members ofJamestown School Comm. v. Schmidt, 122 R.I. 185, 191,405 A.2d 16, 20 (1979) (in construing statute, the conjunctive "and" should not be considered as the equivalent of the disjunctive "or").
While the court disagrees with the NBC's reading of § 36-4-42, it does not necessarily follow that the Board's decision was erroneous. The plaintiffs did not allege any action resulting in demotion, suspension, layoff, or dismissal, nor did they allege any act of discrimination. In short, they failed to bring themselves within the ambit of either of the statute's alternatives. Their attempt to claim jurisdiction under § 36-4-42 must fail.
After review of the record, this court finds that the Board's September 19, 1995 decision concluding that § 36-4-42
did not provide it with jurisdiction to hear the plaintiffs' appeal is not affected by an error of law. Accordingly, that decision is affirmed.
Counsel shall prepare the appropriate order for entry.