DECISION
Before the Court is the appeal of Shotcrete Systems International Inc. (hereinafter "Petitioner") from a decision of the Contractors' Registration Board (hereinafter "Board"). Petitioner seeks a reversal of the Board's September 19, 1994 final order. This order modified an August 18, 1994 proposed order issued by Hearing Officer Thomas Lepre in the underlying breach of contract matter. Jurisdiction lies pursuant to R.I.G.L. § 42-35-15.
FACTS
John and Jan McKillops (hereinafter "McKillops") contracted with Petitioner for the construction of a three car garage on a piece of property owned by the McKillops known as 10 Meadow Terrace, North Kingstown, Rhode Island. After problems developed regarding the timeliness of the garage's construction, the McKillops filed a claim with the defendant Board alleging the Petitioner had breached its contract with them by not completing the project within the specified time frame. On June 5, 1994, a hearing was held before Hearing Officer Thomas Lepre. At this time, the McKillops and a representative of Petitioner testified. In addition, both parties admitted various documents into evidence as full exhibits. On August 18, 1994, Hearing Officer Lepre issued a proposed order which, among other things, found that both the McKillops and Petitioner were responsible for the construction delays. As a result, the proposed order mandated that "respondent [Shotcrete] return to the project, obtain all necessary permits to construct the garage as designed per drawing submitted to the Town of North Kingstown . . . [and that] [t]he claimant shall pay the respondent the cost for that work as stipulated on the first invoice." The order also required that the work begin within twenty days of receipt of the order.
The McKillops appealed this proposed order to the full Board. As a result, a hearing was held before the full Board on September 15, 1994. The Board then issued a final order dated September 19, 1994. In this order the Board held that proposed order's findings as to what caused the delays in construction was supported by the evidence. This order, however, did contain a modified remedy. Instead of requiring specific performance of the contract as Hearing Office Lepre ordered, the Board order that "respondent Shotcrete Systems International, Inc., . . . return to the claimant the amount of $5,500 which is the amount of the deposit minus $500, change determined by the Board to reflect costs incurred to perform this project. The claimants . . . will be responsible to pay for the drawings submitted to obtain permits and modifications made to these drawings, upon receipt of documented invoice." Thus in effect the Board voided any existing contract with an order that the McKillops be refunded the amount of their deposit minus certain costs incurred by Petitioner. The award also allowed Petitioner to recover other costs, but these costs could not be off-set in the deposit refund.
Petitioner then filed the instant appeal challenging the Board's modification of the proposed order by the Hearing Officer.
STANDARD OF REVIEW
The review of a decision of the Contractors' Registration Board by this Court is controlled by R.I.G.L. § 42-35-15 (g) which provides that when reviewing a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes this Court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Board's decision. Newport Shipyard v. Rhode Island Commission forHuman Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion." Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Department of Employment Security,414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardov. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what that law is and its applicability to the facts. Carmody v. R.I. Conflict ofInterest Commission, 509 A.2d at 458 (R.I. 1986).
The Petitioner asserts that the Board acted arbitrarily, capriciously and abused its discretion when it upheld the Hearing Officer's findings of fact attributing fault to both the McKillops and Petitioner, but then went on to modify Hearing Officer Lepre's proposed remedy in such a manner as to place the brunt of the remedy's burden on Shotcrete. The Board argues that their decision modifying the decision of the Hearing Officer was proper in light of Contractors' Registration Board Regulation 4.9.
The Contractors' Registration Board has established a dual scrutiny system in which "a hearing officer hears testimonial and documentary evidence from all affected parties . . . [then this] hearing officer analyzes the evidence, opinions, and concerns of which he or she has been made aware and issues a decision."Environmental Scientific Corp. v. Durfee, 621 A.2d 200 (R.I. 1993). A party which is not satisfied by this proposed decision may seek an in-house review of the Hearing Officer's decision by the full Board pursuant to Contractors' Registration Board Regulation 4.9. Such an appeal may be based upon allegations of procedural errors, a lack of supporting evidence, or for "any other reason." After consideration by the full Commission, the members of the Board may "Affirm the proposed order and findings of fact, modify either or both, or send the case back for a new hearing." Contractors' Registration Board Regulation 4.9 (6).
In Environmental Scientific Corp. v. Durfee, our Supreme Court held that when an administrative agency reviews the determinations of one of its hearing officers the reviewing body should afford deference to that hearing officer's findings because, as the court acknowledged, the hearing officer who issued the findings had a broader more detailed context into which to place the information obtained. The court based this deference on the fact that it was the hearing officer who actually saw and heard witnesses as they testified, while the board merely reviews a transcript of that testimony. The Board in the instant case afforded the Hearing Officer this deference when it adopted all of the findings of fact made by Hearing Officer Lepre. This does not mean, however, that because the Board agreed with the facts it is bound by the Hearing Officer's proposed remedy.
Rather the Board has the authority, pursuant to Regulation 4.9, and the power to alter that remedy for ". . . any other reason". While acknowledging that both parties were "negligent" and that both parties were not "clean" or without responsibility, the Board's decision to alter the remedy was based on the obvious fact that "definite animosity" existed between the parties. The Board also noted that there was no written contract agreement signed by both parties. As a result, the Board believed it was no remedy to permit the parties to work together. The Board believed the parties would inevitably be before the Board again if they were in contact with each other. The Board, however, was also cognizant of the fact that Shotcrete had, in fact, expended time and money into the project. While the record was devoid of any invoices or documentation placing a value on the time and money expended, members of the Board, using their professional knowledge, estimated a value of about $1,000 for those services. The Board then discounted that figure by 50 percent because the Board and Hearing Officer Lepre believed Petitioner was 50 percent at fault. Ultimately, the Board awarded Petitioner $500 for services rendered. This award meant that both the Petitioner and the McKillops lost $500 on the deal.
The Board reasoned that this scenario was fair and equitable as Shotcrete was to receive $500 and the Board waived a fine that it could have imposed on Shotcrete for not placing its registration number on the proposed contracts. This Court is not persuaded that this new remedy places the brunt of the burden's remedy upon Shotcrete when the findings of fact establish that both parties were at fault. This is especially true in light of the fact that Shotcrete presented no independent evidence to Hearing Officer Lepre as to their expenses. Such evidence was easily available to Petitioner. In fact the only evidence produced was the statement by Mr. Lilly, the Shotcrete representative, that all the costs associated with the McKillop contract, including "legal fees," came to about $7,500.
CONCLUSION
As a result, the decision of the Contractors' Registration Board to modify the Hearing Officer's remedy is not arbitrary, capricious or illegal and as such is upheld.
Counsel shall prepare and submit an appropriate form of judgment for entry.