**NATIONAL TANK TRUCK CARRIERS, INC., Plaintiff, Appellee,**

v.

**Edward F. BURKE, Administrator, Rhode Island Division of Public Utilities, Defendant, Appellant.**

**No. 82–1643.**

United States Court of Appeals, First Circuit.

Argued Jan. 3, 1983.

Decided Jan. 31, 1983.

John R. McDermott, Sp. Asst. Atty. Gen., Providence, R.I., for defendant, appellant.

Lawrence W. Bierlein, with whom James J. McGair, Providence, R.I., was on brief, for plaintiff, appellee.

Before ALDRICH, CAMPBELL and BREYER, Circuit Judges.

PER CURIAM.

We affirm the judgment of the district court substantially for the reasons stated in its opinion. *National Tank Truck Carriers, Inc. v. Burke,* 535 F.Supp. 509 (D.R.I.1982). We simply add, as to the "ac-

cident report" requirement, that we read the opinion of the Department of Transportation as interpreting its regulation, 49 C.F.R. § 171.16 (1981), to forbid similar state regulations aimed solely at hazardous materials carriers (and not justified by, say, an emergency). *State of Rhode Island Rules and Regulations Governing the Transportation of Liquified Natural Gas and Liquified Propane Gas Intended to be Used by a Public Utility; Inconsistency Ruling (IR–2),* 44 Fed.Reg. 75,566, 75,572 (1979). We believe that an agency has authority to interpret its own regulations and that a court must show considerable respect to any such interpretation. *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980); *Bowles v. Seminole Rock Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945). This interpretation is reasonable, and the district court, as well as DOT, could readily find a conflict between Rhode Island's requirement and this DOT regulation as so interpreted. For that reason, the requirement is inconsistent with federal law, and therefore invalid under 49 U.S.C. § 1811(a).

*Affirmed.*