DECISION
Before this Court is an appeal from a decision by the Rhode Island State Personnel Appeal Board upholding the Rhode Island Higher Education Assistance Authority's ("RIHEAA") lay off of Ralph Peterson ("plaintiff"). Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
Facts/Travel
Plaintiff was a classified, permanent employee of RIHEAA as Chief of Compliance and Collection from 1984 until 1991. In 1991 Rhode Island was facing an unprecedented budget deficit. In order to cope with the economic strife, Governor Sundlun promulgated several Executive Orders reducing state expenditures, freezing hiring, and shutting down government offices. As a result of this hardship, plaintiff was laid off.
Plaintiff was informed by letter dated February 27, 1991 of the layoff which was effective March 14, 1991. The letter indicated that the layoff was the result of a shortage of funds due to the financial crisis affecting the state. Plaintiff's position was federally funded, and therefore RIHEAA reallocated the federal money saved by plaintiff's lay off to positions that were affected by the cutbacks.
A hearing was held before the Personnel Appeal Board ("Board") on October 22, 1991 in which plaintiff's lay off was upheld. Although G.L. 1956 (1990 Reenactment) § 36-4-42 provides for a final and binding decision of the Board, the language is only rhetoric and the Board is subject to the Administrative Procedures Act. Rohrer v. Ford, 425 A.2d 529, 530 (R.I. 1981). Thereafter, plaintiff timely filed this appeal.
Standard of Review
The review of a decision of the Commission by this Court controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion.Newport Shipyard v. Rhode Island Commission for Human Rights,484 A.2d 893 (R.I. 1984) (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Board's decision. Id. at 897. This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept. ofEmployment Security, 414 A.2d 480, 482 (R.I. 1980). This Court must uphold the agency decision if it finds any competent evidence upon which the agency rests. E. Grossman and Sons, Inc.v. Rocha, 118 R.I. 276, 285-86, 373 A.2d 496, 501 (1977). The court may vacate an agency decision if it is clearly erroneous in view of the reliable, probative and substantial evidence contained in the whole record. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (R.I. 1981) Thus the court will reverse factual findings of an administrative agency only when they are devoid of competent evidentiary support. Id.
However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d. at 458.
On appeal plaintiff contends the following: the layoff was in violation of federal and state law and was not because of a shortage of funds; the Appeal Board committed legal error when it ruled that the interpretation of the federal regulations was neither relevant to the case nor within its power; the layoff was only a pretext for reorganization and so is unlawful; Article III, Section 7 of the Rhode Island Constitution gives life tenure to state employees who can only be dismissed for lack of good behavior.
Lay Off in Violation of Statutory Provisions
Plaintiff argues that his lay off was in violation of state and federal law because the federal funds to support his position were reallocated to support expenses that were previously state funded. Thus arguably his lay off was not because of a shortage of state funds since his position was federally funded. The Governor of this state has the power to control the budget and can reduce state appropriations to agencies if necessary. G.L. 1956 (1990 Reenactment) § 35-3-1 et. seq. Governor Sundlun in response to the state's fiscal crisis promulgated Executive Orders 91-3 and 91-11 which directed agency heads to reduce their expenditures and lay off state personnel in accordance with the State's Merit System Law and Personnel Rules and Regulations. A classified, permanent employee may be laid off because of a shortage of funds. G.L. 1956 (1990 Reenactment) § 36-4-37.
In this matter, plaintiff was laid off because of a shortage of state funds. Although plaintiff's position was federally funded, those funds were reallocated to make up for the loss of state funds. Tr. at p. 9 and 24. Federal funds may be used for the operating costs or administration of loan programs.34 C.F.R. § 682.410(a)(3). RIHEAA acknowledges that the federal funds cannot be moved around as it sees fit, Tr. at p. 33, and that the reallocated federal funds were used toward the administration of the loan program. A Deputy Director was hired who reallocated plaintiff's responsibilities among the remaining employees, which was the Deputy Director's prerogative. In deciding to lay off plaintiff, RIHEAA considered the total picture and looked to how the shortage of funds affected RIHEAA as a whole. Tr. at p. 40. The fact that plaintiff's position was supported by federal funds is irrelevant as to whether RIHEAA was faced with a shortage of funds. Therefore, because of the shortage of state funds, RIHEAA needed to take measures to reallocate expenses, so that the agency could continue to run effectively, thus necessitating plaintiff's lay off.
Personnel Appeal Board Committed Legal Error by not InterpretingFederal Regulations
The Personnel Appeal Board derives its jurisdiction from G.L. 1956 (1990 Reenactment) § 36-4-1, et. seq. which allows it to decide issues involving employment in the civil service. For an error to be considered prejudicial, a party must show that the decision by the agency either had no rational basis or involved a clear and prejudicial violation of applicable statutes or regulations. Ulstein Maritime, Ltd. v. U.S., 646 F. Supp. 720, 725 aff'd 833 F.2d 1052. This Court is mindful that ". . . an agency has authority to interpret its own regulations and that a court must show considerable respect to any such interpretation."National Tank Truck Carriers, Inc. v. Burke, 698 F.2d 559, 560 (1st Cir. 1983) (citations omitted). Plaintiff did not show that the Board's decision had no rational basis or involved a clear and prejudicial violation of applicable statutes or regulations. Here, there was sufficient authority from state statutes and other authorities to support RIHEAA's decision in laying off plaintiff. Moreover, there is sufficient evidence in the record to demonstrate that Rhode Island is in a state of economic strife and that state funds are being cut and layoffs ordered in an attempt to ease the state's financial crisis.
Lay Off was Pretext for Reorganization
Furthermore, plaintiff argues that his lay off was a pretext for a reorganization of RIHEAA. Section 42-35-15 precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa, 543 A.2d at 1309,Carmody, 509 A.2d at 455. Therefore, a reviewing court is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard, 484 A.2d at 897.
In the instant matter, there is no evidence in the record to support the allegation of reorganization. The record contains the following colloquy between plaintiff's counsel and Mr. Farber, Executive Director of RIHEAA:
 "Q. And then you reorganized the positions, that those federal funds supported, correct?
 A. No I did not." Tr. at p. 20
 "Q. But you don't consider that a reorganization?
 A. No I do not." Tr. at p. 45.
The record further indicates that the position was not eliminated, but left vacant. Tr. at p. 21. Thus the decision by the Board that there was not a reorganization of RIHEAA is not arbitrary, capricious or clearly erroneous in view of the reliable, probative and substantial evidence of record.
Article III, Section 7 of the Rhode Island Constitution GivesLife Tenure to State Employees
Plaintiff's final argument is that the Constitution of Rhode Island gives state employees life tenure. Article III, Section 7 of the Rhode Island Constitution says that public officials and employees must adhere to the highest standards of ethical conduct and such persons must hold their positions during good behavior. The Rhode Island Supreme Court has held that a court will not read an enactment literally if to do so would result in an intention of the Legislature that is contradictory or inconsistent with the evident purposes of the Act. Prov. JournalCo. v. Mason, 116 R.I. 614, 621-22, 359 A.2d 682, 686 (1976). If Article III, Section 7 were read in accordance with plaintiff's interpretation, then it would be in conflict with Section 36-4-37
which allows lay offs of state employees for shortage of funds.
Nowhere in Article III, Section 7 does it state that state employees possess life tenure and only can be dismissed for lack of good behavior. The words "life tenure" or "employment" are not found in Article III, Section 7, which only addresses the ethical conduct of state employees. Furthermore, Section 36-4-37 provides a state agency with the power to lay off state employees for certain reasons such as the one in this case, shortage of funds. To read Article III, Section 7 as plaintiff would read it, produces a result that is inconsistent with and contradictory to the intention of the enactment.
Conclusion
After review of the record, this Court finds that the decision by the Board was not arbitrary, capricious, or clearly erroneous in view of the reliable, probative and substantial evidence of record. Furthermore, having examined the detailed written decision issued by the Board, this Court finds that the decision did not lack adequate findings and analysis and that the decision was supported by competent evidence of record. Substantial rights of the plaintiff have not been hereby prejudiced.
Accordingly, plaintiff's appeal is denied and dismissed, and the Board's decision is affirmed.
Counsel shall prepare the appropriate judgment for entry.