DECISION
This is an appeal by Leona Fremming (appellant) from a final decision of the Rhode Island Department of Children, Youth and Families (DCYF), dated November 12, 1993, denying the appellant's application for a foster — care license. Jurisdiction in this Superior Court is pursuant to G.L. 1956 § 42-35-15.
Facts/Travel
Leona Fremming (the appellant) and her adult son, David Fremming, are the co-owners of a home where they reside together.See Appellee's Memorandum of Law at 2. David Fremming was licensed by DCYF for the purpose of providing foster care to a young man in DCYF's care. Id. David and his mother, Leona, participated in the foster parent — training carried out by DCYF.Id. According to DCYF policy, it is necessary for a foster parent to complete this training in order to be licensed by DCYF, but it is not a reciprocal requirement that DCYF issue a license to every person who completes the foster parent-training program.See Policy 801 of Rhode Island Foster Care Regulations.
In November of 1992, after she completed the training program, the appellant applied to DCYF for a license to board foster children. See Appellee's Memorandum of Law at 3. On her application, the appellant omitted information about her other children, Angelo and Angela. See Appellant's Application to Board Children dated 11/27/92. Angelo and Angela Fremming are twins who were born to Leona Fremming on August 26, 1972, and placed in the care of the Massachusetts Department of Social Services (DSS) in 1976, apparently due to allegations of abuse and neglect. (10/26/93 Record at 1.)
In a letter dated March 26, 1993, the appellant was informed by Sandra Poirier, the licensing administrator for DCYF, that her application for a foster-care license was denied. See Appellee's Exhibit 1.
At appellant's request, a divisional hearing was held before John Cicero, a divisional hearing officer, concerning the denial of her application for a license to board foster children. After the hearing, Mr. Cicero upheld the licensing administrator's denial of her application to board foster children. See
Appellee's Exhibit 2.
The appellant then sought an administrative hearing on the decision to deny her a license to board foster children pursuant to DCYF regulations. The administrative hearing took place on October 26, 1993, before M. Rosalie Bowen, the administrative hearing officer at DCYF. The appellant herself testified at the proceeding in which she sought the reversal of the decisions of Sandra Poirier and John Cicero.
On November 12, 1993, Bowen delivered her decision. In a four page written memorandum, Bowen sustained the decision to deny the appellant a license to board foster children based upon her failure to include information concerning Angelo and Angela on her application to DCYF. See November 12, 1993 DCYF Decision at 4. The appellant filed the instant, timely appeal.
On appeal, the appellant asserts that her application for a license to board foster children "was arbitrarily denied in violation of Rhode Island law." See Appellant's Memorandum of Law at 7.
Standard of Review
The review of a decision of an agency by this Court is controlled by R.I.G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept. ofEmployment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458.453, 458 (R.I. 1986). The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island PublicTelecommunications Authority, et al. v. Rhode Island LaborRelations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
The purpose of the Rhode Island Department of Children, Youth, and Families is to promote, safeguard and protect the social well-being of the state's children. See R.I.G.L. § 42-72-2. In accordance with this purpose the agency has promulgated rules and regulations which set forth the application process for a license to be a foster parent in the Foster Family Care Program.See Policy 801 of Rhode Island Foster Care Regulations.
The Application to Board Children (DCYF #036) reads in pertinent part as follows:
 "Please provide the following information about your children. (home or not). (emphasis added)
 Last Name First Middle/DOB School/Occupation/Grade
 ==================================================== ====================================================
 Have you, your spouse, your child(ren), or any member of your household had any previous involvement with any human service agency (Mental Health Clinic/Facility, Family Service Agency, Counseling Center, State Agency, etc.)?
 Yes No
 If yes, please explain: _________________________ _________________________________________________ ________________________________________________" Appellant's Application to Board Children, DCYF #036.
In her application the appellant failed to disclose any information regarding the fact that she was the mother of Angelo and Angela Fremming, and she denied that she had previously been involved with the Massachusetts Department of Social Services. The hearing officer's decision of November 12, 1993, included findings that the appellant failed to cooperate with DCYF in its licensing investigation when she failed to include information regarding Angelo and Angela. The record before this Court indicates that that omission constituted a deliberate falsehood.
The record clearly reveals the appellant's reasons for omitting the requested information about her children, Angelo and Angela, from her application. In fact, at the October 26, 1993 administrative hearing the appellant stated:
 ". . . that was quite a long time ago and one reason I guess was because to me the whole thing was very traumatic when you have some children that you gave birth to and brought into the world and the police come and take the children out of your home . . . [inaudible] and since the kidnap charges were dropped and I went to the Bureau of Criminal Investigation, they said, they had no record of me that I did not have any criminal charges. So why do I have to keep bringing that up all the time. I just, this is traumatic. I want to put it behind me and I want to get on with my life." (10/26/93 Record at 17.)
Accordingly, this Court finds that there is substantial evidence to support the agency's decision to deny a foster-care license to the appellant. The record contains a written decision issued by the administrative hearing officer after the October 26, 1993 DCYF administrative hearing. The decision sets forth both the procedural and factual travel of the case. In addition, the hearing officer concluded that there was sufficient evidence to support the Department's decision to deny a foster-care license to the appellant. Thus, the decision is not arbitrary.
Upon review of the entire record in this matter, this Court finds that the decision of DCYF is supported by substantial evidence. Substantial rights of the appellant have not been prejudiced. Thus, this Court affirms the November 12, 1993 decision of the Department of Children, Youth and Families.
Counsel shall submit the appropriate order for entry.