DECISION
This is an appeal from a decision of the Personnel Appeal Board (the "Board"). The appellant, David Mitchell ("Mitchell") moves this Court to reverse the Board's August 7, 1992 decision in which the Board upheld the termination of Mitchell by the University of Rhode Island ("URI") on November 25, 1986. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1993 Reenactment) § 45-35-15, as amended.
Standard of Review
The review of a decision of the Personnel Appeal Board by this Court is controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458.
Mitchell was employed by URI as a classified, permanent employee. Mitchell was a licensed electrician for URI from January 1978 until he was orally terminated on November 25, 1986. Mitchell's oral termination was confirmed in writing on November 28, 1986. Mitchell promptly appealed his termination to the Board. His appeal prompted a series of fourteen (14) hearings by the Board between August 1988 through May 1991. The Board issued it's decision upholding Mitchell's termination on August 7, 1992.
Mitchell's termination was based upon the determination of his supervisor, Paul M. DePace, Director of the Physical Plant Department, ("DePace"), that Mitchell's behavior at a November 1986 predisciplinary hearing was "insubordinate" and that Mitchell's conduct and employment record reflected a "poor attitude." Ralph Lautaille, Assistant Vice President for Personnel, countersigned DePace's November 28, 1986 termination letter. Mitchell stated as the sole ground for his appeal to the Board that his dismissal, based upon insubordination and poor attitude, was a pretext to "get rid of him" because he is "different." (Transcript Oct. 10, 1989, pgs. 2-3). In the Board's decision, it found no evidence of bad faith by URI and concluded that Mitchell was rightfully terminated.
In his complaint to this Court, Mitchell raised for the first time, in this protracted case, that pursuant to §36-4-38[1] URI was required to give Mitchell written notification of his termination on or before the effective date of the action. It is uncontradicted that URI did not follow this prerequisite of § 36-4-38.
Mitchell, in his appellate brief, presented the issue as one of statutory interpretation. Mitchell argues that § 36-4-38
is clear and unequivocal so that "judicial interpretation is neither required nor permitted." Mitchell states that statutory interpretation by a court is only permitted to clarify the language used in a statute through the determination of the legislative intent behind a statute, an issue not presented with § 36-4-38. Mitchell's statutory interpretation arguments need not be addressed by this Court at this time, because Mitchell's appeal must be denied and the Board's ruling affirmed on the grounds of waiver and estoppel as well as on the ground that the decision is based upon substantial evidence.
Mitchell was terminated in November 1986. Hearings were held on his appeal from August 1988 until May 1991. During this time Mitchell never addressed the issue of pre-termination notice as a defense. Not until August 2, 1991, almost five years after his termination, three years after his appeal hearings began, and months after the hearings closed, did Mitchell file a post-hearing motion with the Board for summary reinstatement and make whole relief, asserting for the first time URI's failure to terminate him according to § 36-4-38. In that motion Mitchell requested reinstatement, backpay and attorney's fees. Mitchell's request and administrative appeal to this Court in its exercise of appellate jurisdiction must be denied due to inexcusable delay. Some courts have found that similar negligence in asserting a known right is an implied waiver of such a right, which in effect amounts to laches. See Lombardi v. Lombardi,90 R.I. 205, 209 (R.I. 1959) and cases cited therein. Mitchell has not explained nor in any manner justified his delay in asserting his notice claim. A claim that is first asserted after an unexplained delay of such great length can lead to a presumption that it has been abandoned or satisfied. Id. citing 30 C.J.S. Equity § 112, p. 521. URI would be adversely affected were Mitchell allowed to proceed with his new claim. Awarding Mitchell backpay, attorney's fees and reinstatement for a job which Mitchell was terminated from in 1986 for insubordination stemming from the alleged misappropriation of electrical equipment and supplies, as well as prior incidents and reprimands, would prejudice URI. See Brown v. Trustees of Boston University,891 F.2d 337, 358 (1st Cir. 1989).
Not only does Mitchell's new argument fail due to waiver, the principles of estoppel also preclude Mitchell's claim:
 Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes, but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief.
Fitzgerald v. O'Connell, 120 R.I. 240, 247 A.2d (1978). A delay is excusable where it is induced by or caused by an adverse party. No such evidence has been presence. During the time of the investigation into Mitchell and the missing supplies, as well as throughout the hearing, Mitchell was represented by counsel. Mitchell's actions through these extended proceedings indicate a willingness to waive his statutory right of notice of termination. URI relied on this to their detriment. See Brown at 357.
Consequently, after a review of the entire record as well as Mitchell's post-hearing motion and memoranda, this Court finds the decision by the Board upholding the termination of Mitchell to be supported by reliable, probative, and substantial evidence and further that substantial rights of the appellant have not been thereby prejudiced. Accordingly, the Board's decision is upheld. Mitchell's request for backpay, reinstatement and attorney's fees based upon his statutory right to notice is deemed waived and he is estopped from asserting such right.
Counsel shall submit an appropriate order.
[1] 36-4-38. Dismissal. — A classified employee with temporary status may be dismissed at the pleasure of an appointing authority under the provisions of § 36-4-31. A classified employee with provisional or probationary status may be dismissed for reasons relating to the employee's qualifications or for the good of the service. A classified employee with permanent status may be dismissed by an appointing authority whenever he or she considers the good of the service to be served thereby, stated in writing, with full and sufficient reason, and filed with the personnel administrator. Any removal or separation of an employee from the classified service not otherwise provided for in this chapter shall be deemed to be a dismissal. In every case of dismissal, the appointing authority shall on or before the effective date therefor give written notice of this action and the reason thereof to the employee and shall file a copy of the notice with the personnel administrator not later than three (3) days after the effective date.