DECISION
This is an administrative appeal from a March 15, 1995 decision of the Department of Human Services (DHS) discontinuing Laurie Mullen's (plaintiff) eligibility for Aid to Families with Dependent Children (AFDC) benefits. Jurisdiction in this Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
The plaintiff and her three children received assistance from the AFDC program in the amount of six-hundred and thirty-two ($632.00) dollars per month in benefits. See Administrative Record Document No. 6. On August 19, 1994, the plaintiff was involved in an automobile accident and was subsequently charged with driving under the influence of alcohol. (11/22/94) Tr. at 2.) As a result, the plaintiff's children were removed from her home by the Department of Children, Youth, and Families (DCYF) on August 19, 1994, pursuant to an ex parte Order of the Rhode Island Family Court. See Plaintiff's Memorandum of Law 2.
On August 29, 1994, DHS made an eligibility determination for the AFDC program with regard to the plaintiff and notified her that her AFDC benefits would be discontinued effective September 15, 1994 because there were "no eligible children in the home." Administrative Record Document No. 6. Since the plaintiff had filed a timely appeal of this DHS determination, her AFDC benefits were continued pending the decision of the Appeals Officer. See 3/15/95 Administrative Hearing Decision at 2.
The record reflects that after her children were removed from their home, the plaintiff worked with DCYF to effectuate a reunification with her children. 11/22/94 Tr. at 2-4. A specific case plan was developed and approved by DCYF with a goal towards "reunification." See Administrative Records Document Nos. 7 and 10.
In order to visit with her children and attend all of her required counseling sessions, the plaintiff incurred substantial transportation expenses. See Administrative Records Document N. 14. Working toward the goal of reunification, the plaintiff also maintained that she had regular household expenses that result from maintaining a home her children would be able to return to after reunification occurred. Id. Furthermore, the record reflects that because the plaintiff was continuously involved with her children during the months of September and October, she incurred the costs of purchasing school clothing and supplies, such as backpacks and notebooks, as well as Halloween costumes.Id.
During the administrative hearing on November 22, 1994, the plaintiff asserted that since the removal of her children was "temporary," AFDC benefits should not have been terminated. (11/22/94 Tr. at 18.) In addition, the plaintiff argues that since her children's absence from the home was temporary, § 0206.20.05 of the Rhode Island Department of Human Services Manual sets forth that the eligibility technician should have referred this case to the regional manager for review and decision.[1]
On March 15, 1995, DHS issued its decision. The hearing officer concluded that based upon the facts of this case and agency policy, the DHS decision to discontinue the plaintiff's AFDC benefits was correct because there were no longer any eligible children residing in the plaintiff's household. See March 15, 1995 DHS Decision at 16.
The plaintiff filed the instant appeal.
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, etal. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994)
DHS Regulations
The purpose of the Department of Human Services is to provide financial and medical assistance to eligible individuals and families. See § 200.10 of the Rhode Island Department of Human Services Manual. The primary program for families is Aid to Families with Dependent Children (AFDC) in which children are needy because they have been deprived of parental support or care because of the death, absence or incapacity of a parent, or the unemployment of a parent who is the principal wage earner. See § 200.15 of the Rhode Island Department of Human Services Manual. In order to administer this program, DHS has set forth regulations concerning AFDC eligibility, including the question of eligibility during children's temporary absences from the home. Section 0206.20.05 of the Department of Human Services Manual expressly states:
 "A "home" exists while the parent exercises responsibility for the child even though circumstances may require the temporary absence of either the child or caretaker from the customary family setting. Such absences may be caused, for example, by any one of the following:
 — Hospitalization of the child or parent, when the illness is such that a return to the family can be expected and parental responsibility continues.
 — Attendance at school for the primary purpose of obtaining an education or vocational training while the parent retains full responsibility for the child.
 — Visiting or moving to another community and similar situations in which the child or parent is away from home for a temporary period of time.
 Temporary physical separations between parent and child, allowable without compromising eligibility, are not limited to the above. However, when circumstances vary substantially from the examples given or whenever physical separation raises a serious question of eligibility, the eligibility technician refers the case situation to the regional manager for review and decision." (emphasis added.)
When affirming the decision of the DHS eligibility technician to discontinue the plaintiff's AFDC benefits while her children were separated from her home, the hearing officer concluded that the relevant DHS policies regarding temporary absences were not applicable. See 3/15/95 Administrative Hearing Decision at 15. The hearing officer stated "that the matters which might be referred to a Regional Manager would include those where there is no clear change of custody of the children." Id. He further stated that in this matter "the appellant has not retained any custodial, legal, or financial responsibility for the children."Id.
After carefully reviewing the DHS policies pertaining to temporary absences, this Court is convinced that the hearing officer's decision failed to recognize the unlawful procedure utilized in the eligibility technician's decisions to discontinue the plaintiff's AFDC benefits during the time in question without referring the matter to the regional manager for review and decision. See § 206.20.05 of the Rhode Island Department of Human Services Manual. Furthermore, the record before this Court is devoid of evidence supporting the hearing officer's conclusion that 206.20.05 (Temporary Absence From Home) was not applicable in the present matter. In fact, Chuck Rosenblum, an eligibility supervisor at the North Kingstown Department of Human Services Office acknowledged on the record that there is a policy for the temporary removal of children from the home. See 11/22/94 Tr. at 16. In addition, Mr. Rosenblum admitted on the record that there is no specific period of time defined in the policy concerning what constitutes the temporary removal period. Id. Accordingly, this Court is satisfied that the Hearing Officer's finding that § 206.20.05 does not apply to this matter defies the plain language of the regulation.
After a review of the entire record, the decision of the hearing officer filed on March 15, 1995 is vacated, and the record is remanded to the DHS for reconsideration under the provision of § 206.20.05 of the Rhode Island Department of Human Services Manual. This Court will retain jurisdiction of this proceeding pending such reconsideration, in the event the plaintiff wishes to pursue a further appeal from the agency decision after reconsideration.
With respect to all of the above, counsel shall submit the appropriate order for entry.
[1] This Court takes judicial notice of the fact that although the plaintiff did not regain custody of her children until after the administrative record in this case was closed, she was in fact reunited with her three children on December 23, 1994.