DECISION
The Department of Health of the State of Rhode Island entered an order disqualifying Reyes Market from participation in the Women, Infants, Children (WIC) Program. From that determination, petitioner filed a timely appeal pursuant to R.I.G.L. 1956 § 42-35-15.
 Facts and Travel
This matter stems from an investigation of Reyes Market initiated by the Food and Nutrition Service of the United States Department of Agriculture. In a letter dated September 9, 1995, Mr. Genao was informed that an investigator from the USDA had observed him engaged in a transaction involving the purchase of food stamp coupons for cash. A subsequent letter from the USDA dated September 22, 1995 informed Mr. Genao that after a review of the available evidence, the department was of the opinion that Mr. Genao had in fact engaged in the purchase of food coupons for cash and that, as a result, he would be disqualified from participating in the Food Stamp Program. Mr. Genao appealed this determination to an Administrative Review Officer. This Officer upheld the USDA's original determination in a decision dated December 19, 1996. Mr. Genao appealed the suspension to the Rhode Island Superior Court. The matter was subsequently transferred to the Federal District Court for the District of Rhode Island. There, the parties entered into a Stipulation and Order of Settlement on March 26, 1996. Upon entry of this order, Mr. Genao's appeal was dismissed with prejudice and without costs upon certain conditions. These conditions included payment by Mr. Genao of a $20,000 fine and submission to a three year period of probation. In return, the USDA agreed to modify its decision to disqualify Reyes Food Market from participation in the Food Stamp Program.
During this period, the State of Rhode Island's WIC program was also in the process of sanctioning the petitioner. Specifically, on June 26, 1996, Mr. John Smith, Chief of the WIC Program, notified Mr. Genao that being subjected to a civil monetary penalty by the Food Stamp Program violates WIC program requirements and may be grounds for disqualification from the program. Moreover, the letter stated that in the event a fine is imposed, the term of disqualification from the WIC program will equal the term of disqualification from the Food Stamp Program. In a letter dated August 1, 1996, Mr. Genao was notified of the department's decision to disqualify Reyes Market until March 26, 1999, pursuant to the aforementioned letter of June 26, 1996, as a result of the Stipulation entered into by the parties in the United States District Court.
From this determination, the petitioner filed a request for an administrative review. This review commenced on September 12, 1996, but was continued until October 9, 1996, so that the petitioner could be served with proper notice of the charges pending against him and the specific basis for these charges.
At the hearing, testimony was offered by Mr. John Smith, Chief of the WIC Program. Specifically, Mr. Smith testified that because of the nature of the WIC program, WIC vendors must be more strictly monitored than those participating in the Food Stamp Program. According to Mr. Smith, such scrutiny is warranted because of the nature of a WIC reimbursement, which is, in effect, a blank check payable to the vendor.[1] Therefore, only those vendors whose participation will benefit the program are considered for continued participation therein.
Mr. Smith also testified as to the criteria used to determine whether or not a disqualification was permissible in the instant matter. Specifically, Mr. Smith testified that under the rules and regulations of the program, WIC may disqualify a vendor only if it is established that such a disqualification will not pose a hardship to program participants. Mr. Smith then testified that he examined whether other WIC vendors in the vicinity of the Reyes Market stocked required WIC food items, whether these vendors charged prices comparable to Reyes, whether these vendors accept Food Stamps, and whether these vendors spoke Spanish. His testimony revealed that each of these inquiries was answered in the affirmative.
Mr. Smith testified that after weighing these factors, he determined that disqualifying Reyes would have no impact upon the WIC program because other markets in the area could provide for the WIC participant's needs. He also testified that in his opinion, in light of the totality of the circumstances, it was not in the best interest of the WIC program to continue to permit Reyes market to participate in the WIC program as a vendor because continued participation would in fact constitute a burden to the program.
Mr. Smith was cross examined by the petitioner as to exactly why he proposed to disqualify Reyes Market and the specific rules and regulations upon which he predicated his decision. In response, Mr. Smith cited the State Operations Manual, Section V-4, A.1 A.6 and Section V-1, B.2 B.3. Mr. Smith also testified that his determination was based in part on his belief that the Stipulation entered into in District Court represented a sanction of Reyes Market.
On November 4, 1996, the hearing officer issued his decision in which he denied the petitioner's appeal. The officer determined that Reyes Market should be disqualified from the WIC program for a period equal in length to the duration of its probation with the USDA Food Stamp Program and that Mr. Genao's WIC license should be surrendered to the Rhode Island Department of Health no later than November 8, 1996. From this decision, the petitioner filed the instant appeal on December 4, 1996.
 Standard of Review
This review is controlled by R.I.G.L. 1956 § 42-35-15 (g), which provides that in the case of a review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
R.I.G.L. 1956 § 42-35-15 (g).
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswellv. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept. ofEmployment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, etal. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
 WIC Disqualification
Petitioner first argues that the adjudication officer erred as a matter of law by concluding that the petitioner violated the Food Stamp Act, because the stipulation entered into by the parties in United States District Court represented a final adjudication of the matter and did not contain a finding or admission of a violation. The petitioner also argues that the Department of Health's decision is in excess of statutory authority, is arbitrary and capricious, represents an abuse of discretion, and constitutes an error of law.
The Department argues that the findings made by the USDA administrative review officer constitute sufficient grounds for termination of the petitioner's participation agreement. The Department also argues that the terms of the District Court Stipulation represent a sanction warranting disqualification from the program and that, finally, the record contains sufficient evidence to support the hearing officer's decision.
The present matter is governed by an application of the terms of the Vendor Participation Agreement, executed with the petitioner on August 26, 1994. Under the terms of Article 8 of this agreement:
 Any disqualification, sentence, civil money penalty, or sanction existing or imposed on the Vendor for the violation of the rules of any other USDA program, will be grounds for appropriate sanction. Disqualification, removal, or deletion from any USDA program, shall be grounds for termination of this Agreement. In the event Vendor receives a civil money penalty in lieu of disqualification, RIDH shall terminate this Agreement unless it determines that such termination is not in the interest of the effective and efficient administration of the Program.
The petitioner advances the argument that the $20,000 fine and the three year probationary period were not sanctions imposed on the Vendor for a violation of a USDA program and therefore, cannot serve as grounds for the present disqualification.
The term "sanction" is a penalty or punishment, or that part of the law designed to secure enforcement by imposing a penalty for its violation. Black's Law Dictionary (6th ed.). In this context, the District Court Stipulation must be classified as a sanction. The Stipulation was entered into by the parties after the petitioner filed an appeal of the USDA's preliminary findings that established the existence of a violation of the Food Stamp Program Regulations. The petitioner, by agreeing to the Stipulation, dismissed his appeal and accepted the terms of the Stipulation as binding. This Court can infer from the record that Mr. Genao entered into this stipulation because it represented a preferable alternative to permanent disqualification from the Food Stamp Program and, therefore, said stipulation constituted a rational decision to forego an appeal. Had Mr. Genao continued with his appeal either he would have been vindicated and his license reinstated, or convicted and his license suspended.
Rather than face either of these indeterminate extremes, the petitioner chose a middle path. He forfeited the possibility of total vindication and, in exchange, the USDA waived its right to impose the most severe sanction possible, a three year disqualification. Much as a criminal defendant waives his right to trial and pleads guilty in exchange for a lesser penalty, so too did the petitioner waive his right to appeal in exchange for a lesser sanction. However, entering into such an agreement does not lessen its penal effects. Indeed, the terms of the Stipulation are severe. It requires that Mr. Genao pay a $20,000 fine and enter into a three year period of probation during which time, any further violations of the Food Stamp Program will result in an immediate suspension. Moreover, pursuant to the Stipulation, Mr. Genao waived his right to pursue further appeals should he be charged with future violations of the program's rules. These conditions, in and of themselves, are sufficient to convince this Court that Mr. Genao has indeed been sanctioned.
Furthermore, the evidence establishes that, in accordance with the terms of the Vendor Agreement, the WIC administrators carefully considered the interests of the effective and efficient administration of the Program prior to imposing the penalty at issue herein. Extensive testimony was received concerning the need to hold WIC vendors to higher standards of behavior so as to insure program compliance at minimal cost. Testimony was also offered which established that other stores in the same census area as Reyes Market can provide WIC participants the same services at a similar cost and in a similarly convenient manner. Therefore, there exists sufficient evidence on the record to support the Department's determination that, pursuant to Article 8 of the Vendor Participation Agreement, sanctioning the petitioner furthers the interests of the effective and efficient administration of the Program.
Moreover, the sanction imposed by the Department is not arbitrary or capricious, or in excess of statutory authority. Pursuant to the Department's Vendor Compliance policy
 [i]f a vendor is sanctioned by any local, state, or federal authority for any violation of business or food delivery related laws, rules, or regulations; or for violation of any law where the unlawful conduct of the vendor relates to the business, the operation thereof, or the use of the business premises; poses a threat to the health or safety of participants or Program or RIDH officials; or relates to criminal behavior related to weapons or illicit drugs or to threat or commission of physical violence; the vendor shall be disqualified from WIC for the term of the sanction or sentence from such other authority if, because of such violation, it is determined that the vendor's continued participation will not further the purposes of the Program or that the vendor will no longer be a benefit to the Program. Where no sanction term is set for such violation, the Program may review the vendor's participation, and terminate such participation if the violation is such that the vendor would no longer be a benefit to the Program.
Under the terms of this regulation, the vendor shall be disqualified from participation in the WIC program for the term of the sanction or sentence. The petitioner was subjected to a federal sanction. Moreover, the term of this sanction runs for three years. Therefore, the Department is obligated to suspend Reyes Market for a like period of time. Furthermore, evidence was presented which established that disqualifying the petitioner posed no hardship to WIC participants. The evidence also established that further participation by Reyes Market benefits neither the program nor its efficient and effective management.
The remaining arguments advanced by the plaintiff are without merit. The absence of a final finding or admission of a violation of the Food Stamp Program is here irrelevant. The existence of a sanction imposed by the federal government, in and of itself, provides a sufficient basis for the petitioner's disqualification. The Department's actions also fall within its statutory authority. Pursuant to relevant federal regulations, the Department may disqualify a vendor for repeated or serious program abuse. 7 CFR 246.12 (k). The Department has made a determination that the abuse at issue herein is serious abuse which warrants disqualification, and this Court will not overturn such a finding where evidence on the record supports such.
After an examination of the entire record, this Court finds that substantial rights of the appellants have not been prejudiced. The Rhode Island Department of Health's November 4, 1996 decision is supported by substantial evidence in the record and is neither arbitrary or capricious, nor an abuse of discretion. Moreover, the Department's decision is neither in excess of its statutory authority nor affected by error of law. Therefore, this Court affirms the Department's November 4, 1996 decision.
Counsel shall present the appropriate judgment for entry in accordance with this decision.
[1] This is in contrast to a food stamp, which has a fixed face value.