DECISION
Before the Court is an administrative appeal filed by plaintiff Isabell G. Glavin (the "applicant") from a decision of the Department of Human Services ("DHS"), dated August 15, 1997, which denied her medical assistance benefits as a medically needy person under R.I. Gen. Laws §§ 8-1 et seq. The applicant contests the agency's finding that her resources included monies in a bank account she held jointly with her children and thereby exceeded the financial eligibility limit. This Court has jurisdiction of this appeal pursuant to R.I. Gen. Laws §42-35-15.
 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Upon the death of her husband in 1975, plaintiff Isabell G. Glavin acquired certain insurance proceeds which she placed in a statement savings account. At that time, she held the account jointly with one of her sons. She and her son proceeded to use the account independently of one another. In 1987, two of plaintiff's other children were added to the account as joint account holders. Each of the joint account holders thereafter had unlimited access to the account. According to plaintiff, they each used the account equally and considered the account to be for the benefit of all of them.
In October 1996, plaintiff Glavin applied to DHS for medical assistance benefits. On April 2, 1997, DHS sent plaintiff a formal written letter of denial advising her that she exceeded the $4,000 eligibility ceiling. In denying plaintiff benefits, the agency attributed to plaintiff all of the monies held in the joint account. Pursuant to DHS procedures, plaintiff then timely requested an administrative hearing. On August 15, 1997, the DHS hearing officer found that she failed to rebut the legal presumption that she owns all of the funds in the joint account. As an applicant cannot have resources in excess of $4,000 to be eligible for medical assistance benefits, and as the subject joint account had a balance of $26,316.36 as of the time of the hearing, DHS attributed all of those resources to plaintiff and denied her application for benefits.
The applicant then appealed from this decision to Superior Court. On appeal, plaintiff contends that she successfully rebutted the presumption that, as a joint account holder, she owns all of the funds in the account with evidence as to the origin and use of the funds and the intent of the joint account holders. She asks this Court, therefore, to reverse the agency's decision and deem her eligible for medical assistance benefits.
 Standard of Review
This Court's review of the decision of DHS is governed by R.I. Gen. Laws § 42-35-15(g), which provides in pertinent part:
42-35-15
 Section (g) of the statute reads as follows:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This statutory provision precludes a reviewing court from substituting its judgment for that of the agency regarding the credibility of witnesses or the weight of evidence concerning questions of fact. Technic Inc. v. Rhode Island Dept. ofEmployment and Training, 669 A.2d 1156 (R.I. 1996); Costa v.Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). This Court's review, therefore, is limited to determining whether substantial evidence exists to support the agency's decision.Newport Shipyard v. Rhode Island Commission for Human Rights,484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co.,424 A.2d 646, 647 (1981)). This standard applies even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981).
 ANALYSIS
To be financially eligible for medical assistance benefits, an individual must have countable income and resources within SSI limits. An applicant such as plaintiff cannot have resources in excess of $4,000 to be eligible for medical assistance benefits. DHS Policy Manual §§ 0354. A countable resource is one "available" to the applicant, and "a resource is considered to be available both when actually available, and when the applicant has the legal ability to make such sum available for support and maintenance." DHS Manual §§ 0354.30. With regard to funds in a checking or savings account, the determination of accessibility does not fall upon the individual, but depends upon the legal structure of the account. Where the applicant is a joint holder of a bank account and is legally able to withdraw funds from that account, (s)he is presumed to have unrestricted access to all of the funds in the account. DHS Policy Manual §§ 0356.15.10.10;Zona v. Rhode Island Department of Human Services, C.A. No. 93-5852 (R.I. Super. May 1, 1996); Amaral v. Rhode IslandDepartment of Human Services, C.A. No. 94-5874 (R.I. Super. Dec. 6, 1995).
An applicant may submit evidence, however, to rebut this presumption. Id. To successfully rebut the presumption that all funds in a joint account are the applicant's resources, the applicant must submit all of the following evidence:
 1. A statement by the applicant . . . on an AP-92 containing the penalty clause giving his/her allegation regarding ownership of the funds, the reason for establishing the joint account, the date the account was made joint, the source of the funds, who made deposits and the source of the deposits, who made withdrawals from the account, how the withdrawals were spent, whose Social Security number was on the account; and,
 2. Corroborating statements (on form AP-92A) from the other account holders; and,
 3. A new account must be established in the name of the applicant which contains only the applicant's funds and a change must be made in the account designation which removes the applicant's . . . name from the account and restricts the applicant's . . . access to the funds in the account; and
 4. Submittal of the original and revised (if any) account records showing that the change above was made. Photocopies are necessary for the record; and
 5. The AP-92 from the applicant and the AP-92A(s) from the joint account holder(s) must provide the information needed to establish that none of the funds, or only a portion of the funds, are owned by the applicant. The applicant must submit all available documentary evidence to support the statements in AP-92 and AP-92(s). The evidence should, if available, include a financial institution record, or other source document. A document is a passbook or other document which shows deposits, withdrawals, and interest for the period from which ownership is being rebutted. The documentary evidence should support the allegations of ownership and should not contradict the statements on the AP-92 and AP-92A forms.
DHS Manual §§ 0356.15.10.24. According to the DHS Manual:
 It is the applicant's . . . responsibility to provide the required evidence. The district office provides assistance in obtaining the evidence only when the individual is unable to do so. If the applicant alleges that there is no documentary evidence available, s/he must submit evidence to substantiate the allegation.
Id. In the case at bar, it is undisputed that, as of the time of the DHS hearing, the applicant was a joint account holder with her children of a statement savings account containing $26,316.69 to which she had unrestricted access and from which she was legally able to withdraw funds up to the account balance. DHS was correct, therefore, in presuming that the funds in this account were resources of the applicant. As the funds in the account then exceeded the $4,000 SSI limit of countable income and resources, DHS could not have erred in denying the applicant medical assistance benefits unless its decision that the applicant failed to rebut the presumption of ownership was not supported by the substantial evidence of record.
At the administrative hearing, the applicant relied on AP-92 affidavits that she and her children each submitted to DHS. These affidavits each recite the same basic statement. The affiants state that each of them is a joint owner of the account held equally with the other family members, that the account was established as a family savings account, that each family member has made deposits to and withdrawals from the account, and that each family member has maintained equal and unlimited access to the account throughout the life of the account. The applicant and her son, Thomas Glavin, state in their joint affidavit that they intentionally established the account as a joint account and did not intend it to be for convenience. At the administrative hearing, the applicant also relied on the corroborating testimony of her son, Thomas Glavin, which further indicated that all of the family members considered the account to be for all of their benefit. In addition, the applicant presented an affidavit from the credit union where the joint account monies were on deposit which stated that the applicant and her children were co-owners of the account, each had access to it and each made deposits to it and withdrawals from it independently of one another. That affidavit stated that it was not a convenience account, but was funded and used by all of them.
The applicant failed to produce any documentary evidence, however, that her funds from the joint account had been segregated or that her access to the funds in the joint account had been restricted in any way. Indeed, conspicuously absent from the affidavits and testimony presented is any statement as to what portion of the account monies are considered to belong to the applicant and what portion belongs to each of the children. Under the DHS regulations, this failure of proof, alone, is sufficient to thwart the applicant's appeal.
Plaintiff merely argues, without any documentary proof, that because the four joint account holders each had equal access to the account, an inference can be drawn that each joint holder is restricted to only 25% of the account. That argument is misplaced. Equal access to a joint account means that each account holder has access to 100% of the account. Plaintiff has to do more than show that the other joint account owners used the account periodically and considered it available for use by each of them. There must be evidence that plaintiff's own access to the account was restricted in some way. As there is no evidence to indicate that plaintiff's access to all of the account monies is restricted in any way, and as it appears that any one of the four joint account holders could withdraw any portion or all of the account monies at any time, depending on their needs, plaintiff's attempt to rebut the presumption that she owns all of the funds in the joint account fails as a matter of law.
Moreoever, even assuming, arguendo, that this Court did find that the applicant was restricted to only 25% of the monies in the joint account, her appeal still would fail. She still would have access to $6,579.17 (or 25% of $26,316.69) in excess of the $4,000 DHS eligibility ceiling — so as to make her ineligible for benefits.
 Conclusion
After a review of the record, the decision below and the parties' respective memoranda filed with regard to this appeal, this Court finds that the decision of DHS denying the plaintiff medical assistance benefits is supported by the reliable, probative, and substantial evidence of record. Accordingly, that decision is affirmed. As she is not the prevailing party, plaintiff's request for reasonable costs and attorney's fees is denied. Counsel should submit to the court forthwith for entry an agreed upon form of order and judgment which is reflective of this decision.