DECISION
Before this court is the appeal of Karen and Robert Hayden ("Appellants" or "Haydens") of a decision by the Zoning Board of Review of the Town of Westerly ("Board") which prohibited the use of a "bed and breakfast" within their zoning district. This Court possesses jurisdiction pursuant to G.L. § 42-35-15.
Facts/Travel
The appellants are the owners of property on Elm Street in Westerly located in a R6 residential zoning district. On the property is a three story house that the appellants use to house paying overnight guests. The operation has been self described as "The White Rose Inn," "The White Rose Inn, B B," and "The White Rose Guest House." Appellants' Exhibits, A, B, C. The appellants were granted a license for the "White Rose Inn, B B" for two guest rooms since 1994 as evidenced by a completed license form and canceled check. Appellants' Exhibit C2.
On August 7, 1996, the appellants' routine of rendering restful repose was interrupted by an order to discontinue operating a bed and breakfast from the Westerly Zoning Official Anthony Giordano.[1] Appellants' Exhibit E. The letter stated in pertinent part "Bed and Breakfasts presently are not allowed in residential zones. Since Bed and Breakfasts are, in my opinion, unlike guest houses which are permitted in residential zones, I must order that you immediately cease this activity." Id
On October 2, 1996 a public hearing was conducted to host the Haydens' appeal of the cease and desist order. After checking-in the testimony from counsel and some reservations from interested parties, the Board upheld the Zoning Official's decision on two grounds: "One [the appellants] previously stated that they were operating as a bed and breakfast; and under Section 7.1 (D) [of the Westerly Zoning Ordinances] where any uses are not specifically permitted it is prohibited." Tr. at 31.
The Haydens presently appeal the decision of the Zoning Board prohibiting them from conducting their operations. The appellants first argue that there is insufficient evidence to support the Board's finding that the appellants were engaged in a non-permitted use. Specifically, the appellants contend that there is no competent evidence in the decision of the zoning board to support the contention that a bed and breakfast is different from a lodging or guest house and is thus not permitted.
The Haydens couch their second argument on the basis that the Zoning Board is equitably estopped from prohibiting the them from using their property for that purpose. In particular the appellants argue that the nature of their business has not changed since the issuance of their license in 1994. The appellants conclude therefore that they reasonably relied on the issuance of the license to operate and maintain their business, and thus the Zoning Official should be estopped from revoking and unilaterally reclassifying the property
The Westerly Zoning Board maintains that the decision of the Zoning Official should be upheld because there was sufficient evidence to indicate that the plaintiffs were operating a bed a breakfast, a use not provided for in the zoning ordinances. The defendants rely on the pertinent portions of the Westerly Zoning ordinance that states that any uses not expressly permitted are prohibited and further that such use is not in accord with the purposes and intent of the ordinance. Section 7.1(D).
Standard of Review
The review of a zoning board decision by this Court is controlled by R.I.G.L. § 42-35-15(g) which provides:
 "(g) The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The Court may affirm the decision of the zoning board or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, this section precludes a reviewing court from substituting its judgment for that of a zoning board in regard to the credibility of witnesses or the weight of the evidence concerning questions of fact. Costav. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988),Carmody v. R.I. Conflict of Interest Commission 509, A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Board's decision. Newport Shipyard v. Rhode Island Commission forHuman Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sandand Gravel Co., 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently from the zoning board. Berberian v. Dept. of Employment Security,414 A.2d 480, 482 (R.I. 1980). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d at 458.
Bed Breakfast Use
Section 7.1(A) of the Westerly Zoning Ordinance establishes permitted uses pursuant to the Standard Zoning District Use Table. The property in question is located in an R-6 residential district which provides for the following residential and dwelling permitted uses: single-family detached dwelling, two-family detached dwelling, multi-family (by special use permit), lodging house or guest house, dormitory (for permitted use), motel (by special use permit), and home occupation (by special use permit). Section 7.2: Standard Zoning District Use Table.
Section 7.1(D) of the Westerly Zoning Ordinance provides that "any use not specifically permitted is prohibited unless the Zoning Official determines that such use is included in one of the categories set forth in the Standard Zoning District Use Tables. Uses not classified in this ordinance may be permitted only if such use would be in accord with the purposes and intent of this ordinance."
The record reveals that the appellants were granted a license and certificate of ownership to operate the property in question, listed as the "White Rose Inn, B B" in 1994 as evidenced by the applicable forms and corresponding canceled checks. In 1996, the Haydens were also issued an approved certificate of ownership for "The White Rose, Guest House" signed by Mr. Giordano, Zoning Official.
The Zoning Official and Zoning Board concluded that because the Haydens advertised their establishment as a bed and breakfast, such a use was not permitted by the zoning ordinance. "Use" is defined by Section 13.1 as "the principal purpose or activity for which land or buildings are designed, arranged, or intended, or for which land or buildings are occupied or maintained." Notwithstanding the appellants' decision to use various names to advertise their establishment (i.e., inn, guest house, or B B), such a chosen name is irrelevant and not controlling for the purposes of determining a building's permissible use under a zoning ordinance. 64 ALR 2d 1168.
The record reveals that the cease and desist order fails to set forth any findings, distinctions or reasons to support the Zoning Officials' determination that the appellants' property no longer constitutes the permitted use of a lodging house or guest house. Instead the order merely states "[s]ince Bed and Breakfasts are, in my opinion, unlike guest houses . . . I must order that you immediately cease this activity."
The transcript of the Zoning Board hearing is similarly lacking in any supportive evidence.[2] There is no indication that the Zoning Board determined or even considered whether the appellants' property had changed such that it no longer constituted a permissible use, but rather supported its decision with the circuitous argument that "[the appellants] previously stated they were operating a bed and breakfast; and under Section 7.1(d) where any uses are not specifically permitted it is prohibited."
Moreover, Section 13.1, the definitions section of the Westerly Zoning Ordinance, fails to provide any definitions for the residential R-6 permitted uses of lodging house, guest house, hotel, motel, or dormitory under which to ascertain the Zoning Official and Zoning Board's distinction.[3]
As a result, the zoning board summarily concluded that a building named a bed and breakfast was prohibited without reaching the true inquiry as to whether such a use, rather thanthe name, was included in one of the existing categories in the zoning ordinance. The record discloses that the Zoning Board made its determination without ever stating or revealing any definition or understanding of the terms, without ever defining any of the existing use categories of lodging house or guest house, and further without making any findings as to the applicability of such use categories.
The record reveals that there is simply neither any evidence nor analysis in the Zoning Board's decision that indicates the actual use of the appellants' property is any different than when they first applied for and were granted a license to operate same.[4] As a result, this Court finds that substantial rights of the appellants have been prejudiced because the decision of the
Zoning Board is arbitrary and capricious and not supported by substantial evidence in the record. The decision of the Zoning Board is therefore reversed and the cease and desist order prohibiting the appellants from operating their establishment is vacated.
Counsel shall prepare an appropriate order for entry in accordance with this decision.
[1] Despite Mr. Giordano's cease and desist letter of August 7, it appears as though a certificate of ownership was later completed and the present zoning of the appellants' location approved by Mr. Giordano on August 15, 1996 as indicated by a canceled $10.00 check. Appellants' Exhibit C3.
[2] Most of the testimony regarding the purported definition of a bed and breakfast was offered by Mr. Commolli, an attendee of the hearing. Relying on his distinction that a bed and breakfast serves food, Mr. Commolli further inquired as to whether the Haydens had been licensed by the health authorities to serve food. Transcript at 27. Parenthetically, G.L. 27-27-11.8(5) provides an exception to statutory food safety requirements for bed and breakfast establishments.
[3] Rhode Island General Laws, § 45-24-35 requires that "a zoning ordinance adopted pursuant to this chapter shall provide definitions for such words or terms contained in the ordinance as is deemed appropriate. Words or terms contained in any zoning ordinance, whether or not defined in the ordinance, that are substantially similar to words or terms defined in § 45-24-31
shall be construed according to the definitions provided in this chapter." Neither section § 45-24 et seq. nor the Westerly Zoning Ordinance provides any relevant terms according to which the terms lodging house, guest house, or bed and breakfast may be construed. If the Town had intended for or recognized a distinction among the uses of a guest house, lodging house and bed and breakfast it should have expressly provided so through its ordinance.
[4] A lodging house is defined as a house where bedrooms as such are supplied to guests for compensation usually referred to as room rent. Ballentine's Law Dictionary, 3rd Ed., at 752. A lodging house has also been defined as a house where lodgings are let, and is a term applied to houses containing finished apartments which are let out by the week or by the month, without meals, or with breakfast simply. Black's Law Dictionary, 6th Ed., at 941. A guest house is defined as, among others, "a superior boardinghouse usually providing for its guests recreational and social amenities as well as food and lodging. Websters Third New International Dictionary, 14th Ed. at 1008 (1961). After a review of relevant authorities, this Court finds that the term bed and breakfast appears to be subsumed under the broader and more antiquated headings of lodging house and guest house.